IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEBORAH AND RANDELLA LINDSEY                                   PLAINTIFFS

VS.                           CASE NO. 07-CV-1103

SOUTHERN FARM BUREAU and
WILLIAM GRANT                                                  DEFENDANTS

**MEMORANDUM OPINION**

Before the Court are three motions for summary judgment. The first is a Motion for Summary Judgment filed by Separate Defendant Southern Farm Bureau. (Doc. 9). Separate Defendant William Grant responded. (Doc. 18) Plaintiffs Deborah and Randella Lindsey also responded. (Doc. 22). The second and third are Motions for Partial Summary Judgment (Doc. 12) and Summary Judgment (Doc. 16) both filed by Separate Defendant William Grant. Separate Defendant Southern Farm Bureau responded to William Grant's Motion for Summary Judgment. (Doc. 20). Separate Defendant William Grant replied to Southern Farm Bureau's Response. (Doc. 28). Plaintiffs, Deborah and Randella Lindsey responded to Separate Defendant William Grant's Motion for Partial Summary Judgment. (Doc. 23). The Court finds these matters ripe for consideration.[1]

BACKGROUND

The parties agree to the following facts. On May 28, 2005, the Plaintiffs, Deborah and Randella Lindsey, were involved in a motor vehicle accident with Sharon Leonard. The accident occurred in the State of Louisiana and was the result of Sharon Leonard's negligence. The Plaintiffs

---

[1] The Court addresses all three of the motions for summary judgment in this one opinion in an effort to streamline its analysis as all of the motions have the same or interrelated issues.

hired Separate Defendant William Grant to represent them in an action against Sharon Leonard and to file an underinsured motorist ("UIM") claim against Separate Defendant Southern Farm Bureau ("Farm Bureau"). At the time of the accident, Ms. Leonard had insurance coverage through USAgengies Casualty Insurance Company ("USAgencies") providing for $10,000.00 per person. The Plaintiffs have an insurance policy with Farm Bureau that includes UIM coverage in the amount of $50,000.00 per person ("Policy"). Grant failed to file an action against Leonard or negotiate a settlement with USAgencies within the applicable statute of limitations in the State of Louisiana. Plaintiffs' negligence claim against Leonard is now time barred.[2] Grant admits that he is liable to Plaintiffs for $20,000, the policy limit of Leonard's USAgencies liability policy.

After failing to file Plaintiffs' claims in Louisiana, Grant sent Deborah Lindsey a letter informing her that the claims in Louisiana were time barred. The letter terminated the attorney-client relationship between Grant and the Plaintiffs and also advised them to seek representation for their Arkansas UIM claim against Farm Bureau. (Doc. 15-3). Plaintiffs, through their present counsel, made a claim for UIM benefits against Farm Bureau. The UIM claim was denied. Plaintiffs instituted the instant action, claiming breach of contract against Farm Bureau for denying their UIM claim and claiming legal malpractice against Grant.

Plaintiffs' Policy with Farm Bureau contains two clauses that are relevant to the issues before this Court. They read as follows:

> "We will pay under this coverage [Underinsured Motorist Coverage] only after the limits of liability under the applicable bodily injury liability bonds or policies have been exhausted by

---

[2] The parties dispute in their Statement of Facts whether Plaintiffs will ever collect any damages from Ms. Leonard's insurance carrier and whether Farm Bureau's right of subrogation has been destroyed. This dispute is not factual, but instead one of a legal nature and for this reason the Court will address it in the discussion section of this opinion.

> payment of judgment or settlements."

("Exhaustion Clause") (Policy, Doc. 15-2, p. 12).

> "If we make a payment under any of the coverage set forth in this policy and the person to or for whom payment was made, has a right to receive damages from another, we shall be subrogated to that right. The coverages include but are not limited to Uninsured Motorist Coverage, Personal Injury Protection Coverage and Physical Damage Coverage. You shall sign and deliver all related papers and work with us in any reasonable manner to secure our rights. We will not be liable for payment of the loss if you do anything after the loss to impair our right to recover. We will be entitled to recovery only after the covered person has been made whole."

("Subrogation Clause")  (Policy, Doc. 15-2, p. 20, ¶ 16).

In their Complaint, Plaintiffs make a breach of contract claim against Farm Bureau for refusing to pay UIM benefits, and Plaintiffs also make a legal malpractice claim against Grant. Farm Bureau answers, claiming that they did not breach the Policy because Plaintiffs are barred from recovering UIM benefits under the language of the Policy and pursuant to Arkansas Code Annotated section 23-89-209. Grant responds, admitting that he is responsible for $20,000 of Plaintiffs' damages. However, because Plaintiffs' UIM claim is still valid, he claims that he is not responsible for any amount over $20,000.

## SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established under Rule 56(c) of the Federal Rules of Civil Procedure. A summary judgment motion should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. V. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct 2505, 91 L.Ed. 202 (1986). The Court

must view the evidence in the light most favorable to the nonmoving party, giving her the benefit of all reasonable factual inferences. *Reed v. ULS Corp.,* 178 F.3d 988, 990 (8th Cir. 1999).  The moving party bears the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party meets this burden, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue. *Anderson*, 477 U.S. at 249. To avoid summary judgment the non-movant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit," or by "depositions, answers to interrogatories, and admissions on file," and designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

## DISCUSSION

As an initial matter, the Court would like to provide a short roadmap for this opinion. The Court will first address Farm Bureau's Motion for Summary Judgment moving to have Plaintiffs' breach-of-contract claim dismissed. (Doc. 9). Second, the Court will address Grant's Motion for Partial Summary Judgment moving to have all claims against him in excess of $20,000 dismissed. (Doc. 12). Finally, the Court will address Grant's Motion for Summary Judgment moving for Farm Bureau's indemnity or contribution claim against Grant dismissed. (Doc. 16). Considering the facts in a light most favorable to the non-moving parties, in each motion, the Court finds as follows.

I. Farm Bureau's Motion for Summary Judgment

Farm Bureau claims that it is entitled to summary judgment based on the Policy language, which it argues is pursuant to Arkansas law. This claim is founded on two assertions: 1) Plaintiffs failed to exhaust the limits of liability under Leonard's insurance policy as required by the Exhaustion Clause in the Policy; and 2) Plaintiffs have impaired Farm Bureau's right to subrogation in breach of the Subrogation Clause in the Policy. Grant and Plaintiffs responded individually.[3] Grant and Farm Bureau agree that the Policy contains an exhaustion clause that reads as follows.

> "We will pay under this coverage [Underinsured Motorist Coverage] only after the limits of liability under the applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements."

(Policy, Doc. 15-2, p. 12). Grant also admits that this clause requires that applicable liability coverage must be exhausted before UIM benefits will be paid. Grant does not argue that the Exhaustion Clause is ambiguous. Nevertheless, Grant asserts that the Exhaustion Clause does not bar Plaintiffs from recovering UIM benefits.

Arkansas Code Annotated section 23-89-209 is the statute that address UIM coverage. It reads in pertinent part:

> "The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured which the insured is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of such other owner or operator are less than the amount of the damages incurred by the insured."

Ark. Code Ann. § 23-89-209(a)(3). Arkansas case law has held that language similar to that in the Exhaustion Clause here is valid and enforceable. In *Birchfield v. Nationwide Insurance*, the policy

---

[3] Plaintiffs do not cite to any law, nor do they offer any evidence in their Response to Farm Bureau's Motion for Summary Judgment. For this reason, the Court is forced to rely solely on Separate Defendant Grant's response, as a non-moving party, in this opinion.

read, "No payment will be made until the limits of all other liability insurance and bonds that apply have been exhausted by payments." 317 Ark. 38, 39, 875 S.W.2d 502 (1994). The *Birchfield* court explained that the plain meaning of the language "exhausted by payments" was that all other available liability insurance must be paid in full before the claimant can recover UIM benefits. *Id*. at 40. The Arkansas Supreme Court has also held that full payment of the tortfeasor's policy is required before UIM benefits can be paid because UIM coverage is secondary and supplemental insurance. *Hartford Ins. Co. of the Midwest v. Mullinax,* 336 Ark. 335, 340, 984 S.W.2d 812 (1999) (explaining that the obligation to pay UIM benefits cannot be triggered until it is determined whether the insured is in fact underinsured). In order to decide whether an insured is actually underinsured, a court must determine the extent of the insured's damages and the liability benefits that have been paid by the tortfeasor's carrier. *Id*. at 341. The Eighth Circuit has also recognized that the general rule in Arkansas "requires that a tortfeasor's liability insurance coverage limits must be paid in full before the insured is entitled to UIM benefits" ("General Rule"). *State Automobile Insurance Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004).

Grant recognizes this General Rule but argues that it is not applicable to the situation before this Court. Grant asserts that this situation is distinguishable from the cases above. Grant believes that these cases state that settlement with a tortfeasor for an amount less than his policy limits is proof the tortfeasor was not underinsured; thus, this situation would create a burden on the insured plaintiff to establish that the tortfeasor was in fact underinsured.[4] The Court agrees with this

---

[4] Grant cites *Lawrence* and *Birchfield* in support of this statement explaining that in both cases the plaintiff settled with the tortfeasor for an amount less than their policy limits. *Birchfield v. Nationwide*, 317 Ark. at 39 (plaintiff settled for $75,000 even though tortfeasor's policy limit was $125,000); *State Auto Ins. Co. v. Lawrence,* 358 F.3d at 984 (plaintiff settled for $65,000 even though tortfeasor's policy limit was $100,000).

interpretation; however, the Court does not agree with Grant's application. Grant claims that here there is no question that Leonard was underinsured for the accident with the Plaintiffs, so the Court should allow Plaintiffs' UIM claim even though nothing was recovered from Leonard or USAgencies.

The underinsured motorist statute, Arkansas Code Annotated section 23-89-209, contemplates payment by the tortfeasor's insurance company. *State Farm Mutual Auto Ins. Co., v. Thomas,* 316 Ark. 345, 349 (1999). Additionally, section 23-89-209(a)(3) has been held clear and unambiguous in requiring the insured who seeks UIM coverage to first actually recover the liability limits from the tortfeasor or to provide notice to UIM carrier before settlement. *Lawrence,* 358 F.3d at 987. While the Court acknowledges that the cases cited above all deal with a fact situation involving a settlement for less than the tortfeasor's policy limits, there is no indication the rule is restricted to that particular factual scenario. *Lawrence,* 358 F.3d at 986; *Mullinax*, 336 Ark. at 341; *Birchfield,* 317 Ark. at 41-42; and *Thomas,* 316 Ark. at 349 (1999). The Eighth Circuit even refers to this rule as the "general rule." *Lawrence,* 358 F.3d at 985. It is this Court's opinion that the General Rule applies in this situation.

The Court is also unconvinced that *Southern Farm Bureau Casualty Ins. Co. v. Pettie* applies to the situation before it, as Grant argues it should. 54 Ark. App. 79, 924 S.W.2d 828 (Ark. App. 1996). The Court declines to follow the *Pettie* decision for several reasons. In *Pettie,* the plaintiff was injured in a motor vehicle accident and received workers' compensation benefits for his injuries. *Pettie,* 54 Ark. App. at 82. The plaintiff then filed a UIM claim with his personal insurance carrier. *Id*. The parties stipulated that the plaintiff was not fully compensated by the workers' compensation benefits. *Id.* Defendants denied the UIM claim, in part, because the statute

of limitations was expired on the claim against the original tortfeasor. *Id.* at 83. The trial court in *Pettie* allowed the plaintiff's UIM claim and the Arkansas Court of Appeals affirmed.

The *Pettie* court applied *Hettle v. Rye,* 251 Ark. 868 (1972) (allowing an *uninsured* motorist claim to be recovered even though the statute of limitations was expired on the claim against the tortfeasor). There is no explanation in the *Pettie* opinion to help this Court understand why a holding of an uninsured motorist case was applied to one involving only an underinsured motorist claim.[5] *See Id.* at 90. Also, the *Pettie* court offered no reasoning at all regarding the statute of limitation issue other than to state the UIM carrier's claim and to give the holding of *Hettle*. *Id.* Furthermore, there was no indication that the insurance policy in *Pettie* even contained an exhaustion clause. The only policy language offered by the *Pettie* court does not include any exhaustion requirement language.[6] *Id.* at 82. The Court recognizes *Pettie* and that it allowed UIM benefits to be recovered even though the claim against the tortfeasor was barred by the statute of limitations. However, the Court will not rely soley on *Pettie* and ignore the more weighted precedent from the Arkansas Supreme Court and the more recent applications of the General Rule in cases involving exhaustion clauses.[7] For these reasons, the Court finds the General Rule should be applied to this case.

---

[5] Uninsured motorist claims are covered by Ark. Code Ann. section 23-89-403 while underinsured motorist claims are covered by Ark. Code Ann. § 23-89-29. These two sections have different requirements.

[6] The language quoted includes: "in consideration of the premium charged, we will pay damages for bodily injury which a covered person is legally entitled to recover from the owner or operator of an underinsured auto..." *Pettie,* 54 Ark. App. at 82.

[7] *State Auto Ins. Co. v. Lawrence,* 358 F3d 982 (8th Cir. 2004); *Hartford Ins. Co. of the Midwest v. Mullinax,* 336 Ark. 335, 984 S.W.2d 812 (1999); *Birchfield v. Nationwide Ins.,* 317 Ark. 38, 875 S.W.2d 502 (1994); and *State Farm Mutual Automobile Ins. Co. v. Thomas,* 316 Ark. 345, 871 S.W.2d 571 (1994).

Consequently, the limits of Leonard's USAgencies coverage must be recovered before the Plaintiffs are entitled to UIM benefits. *Lawrence,* 358 F.3d at 985.

Grant also encourages the Court to follow a Kansas Court of Appeals case with facts similar to this situation. In *Brown*, the plaintiff filed an UIM claim after the statute of limitations period for claims against the tortfeasor expired. *Brown v. USAA Casualty Ins. Co.,* 840 P.2d 1203, 1204 (Kan. Ct. App. 1992). The insured's policy contained an exhaustion clause similar to the one in this situation. *Id.* at 584. The *Brown* court held that nothing in the applicable UIM statute or caselaw requires an insured to exhaust his or her remedies against the tortfeasor before recovering UIM benefits. *Id.* at 549. This statement directly conflicts with Arkansas law. As stated above, the Arkansas UIM statute, section 23-89-209, contemplates payment of policy limits by the tortfeasor's liability carrier before UIM benefits may be recovered. *Thomas,* 316 Ark. at 349. Additionally, the Arkansas Supreme Court has clearly stated that unambiguous exhaustion clauses are not against Arkansas public policy and will be enforced. *Birchfield,* 317 Ark. at 41-42. Therefore, the Court declines to apply *Brown.*

Grant also argues that a judgment entered against him in the amount of $20,000, the policy limit of Leonard's USAgencies policy, would be the "functional equivalent" of Plaintiffs exhausting Leonard's USAgencies policy. This is an appealing argument; however, the one case supporting this argument that Grant has cited to the Court is an unpublished opinion from the Superior Court of Connecticut.[8] The Court, through independent research, found one additional application of this

---

[8] *Grant v. Great American Insurance Co.,* 1995 WL 591475 (Conn.Super.).

"functional equivalent" argument by the Wisconsin Court of Appeals.[9] While this approach does not seem to be directly contrary to Arkansas law,[10] the Court is not bound by the precedent from other jurisdictions and is hesitant to apply this reasoning. There is no direction for the Court from Arkansas or Eight Circuit precedent and very little offered from other jurisdictions indicating that this would be a proper application. Because *Grant* is minimally persuasive due to the facts that it is unpublished and that, as far as this Court can determine, one of only two applications of this argument, the Court is not convinced that an Arkansas court would apply the "functional equivalent" argument to this situation. Therefore, a judgment against Grant cannot serve as the functional equivalent of exhausting Leonard's USAgencies policy limits.

For the reasons stated above, the Court finds that the General Rule instead of *Pettie* applies to this case, that the *Brown* case does not apply, and that Grant's "functional equivalent" argument must fail. Considering the facts in the light most favorable to the non-moving parties, the Court finds that there are no issues of material facts as to whether Plaintiffs failed to "exhaust" the limits of Leonard's USAgencies coverage as required by the Policy.

Even though the Court has determined above that summary judgment in favor of Farm Bureau is proper, it will analyze Farm Bureau's second argument in support of their Motion for Summary Judgment for the sake of thoroughness. Farm Bureau's second argument in support of their Motion for Summary Judgment is that Plaintiffs have breached the Subrogation Clause in the Policy

---

[9] *Degenhardt-Wallace v. Hoskins, Kalnins, McNamara & Day, Ivars Klins,* 689 N.W.2d 911 (Wis. Ct. App. 2004) (holding that the exhaustion clause was ambiguous regarding who was required to exhaust the liability limits).

[10] The Court was not offered any Arkansas law that would expressly contradict this argument.

by allowing the statute of limitations to run on their claim against Leonard. The Subrogation Clause, as quoted above in the Background section, contains the following pertinent sentence: "We will not be liable for payment of the loss if you do anything after the loss to impair our right to recover." (Doc. 15-2). Farm Bureau contents that because Plaintiffs' claims against Leonard are time barred, any subrogation rights Farm Bureau may have had against Leonard are also time barred. This impairs Farm Bureau's ability to recover from Leonard and USAgencies, thus, breaching the Subrogation Clause in the Policy.[11] In response, Grant first asserts that Farm Bureau's inability to subrogate against Leonard and USAgencies does not bar Plaintiffs' UIM claims. Grant then contends that if Farm Bureau being unable to subrogate against Leonard is relevant then Farm Bureau must establish that they were prejudiced by Plaintiffs' failure to file suit against Leonard.

Grant again relies on *Pettie*. He asserts that Farm Bureau's subrogation rights being time barred is irrelevant because the *Pettie* court allowed UIM benefits even though the statute of limitations expired on the claim against the tortfeasor. 54 Ark. App. at 90. The Court disagrees. As explained above, the *Pettie* court offered no explanation as to why they applied the holding of a case involving uninsured motorist claims to one for underinsured motorist claims. *Id.* In addition, there was no issue of subrogation in *Pettie*. From what the Court can deduce from the *Pettie* opinion, there was no subrogation clause included in plaintiff's insurance policy, and if there was, it was not an issue addressed by the *Pettie* court. The Court finds that *Pettie* is not applicable to the situation before it.

---

[11] The Court notes that Farm Bureau also argues that Plaintiffs did not meet the notice requirements of settlement loss under page 14 of the Policy. This argument has no merit because the Policy and Arkansas Code Annotated section 23-89-209 require notice when there is a settlement, and there was no settlement here.

11

Grant goes on to assert that Farm Bureau must establish it suffered prejudice in order to exclude Plaintiffs' UIM claim with the Subrogation Clause. The Arkansas Supreme Court held in *Bough* that a court may inquire as to whether a release prejudices an insurance company in determining whether UIM benefits must be paid to a claimant who has violated a subrogation clause. *Shelter Mutual Insurance Co. v. Bough,* 310 Ark. 21, 26, 834 S.W.2d 637, 640 (1992) (citing *Couch on Insurance 2d* (Rev. ed.) § 61:196, p. 258 (1983)). In *Bough*, the plaintiff received the policy limits from the tortfeasor's carrier and then released the tortfeasor and his carrier without notifying Shelter, the plaintiff's insurer. *Id.* at 23. Plaintiff then sued Shelter for UIM benefits. *Id.* The trial court found that Shelter failed to provide UIM benefits as required by Arkansas Code Annotated section 23-89-209. *Id.* The trial court deducted the amount the plaintiff received from the tortfeasor's carrier from the award against Shelter. *Id.* at 24. The parties appealed and the Arkansas Supreme Court affirmed. *Id.* On appeal, Shelter argued that the plaintiff forfeited entitlement to any UIM benefits by settling with the tortfeasor and his carrier without notice to Shelter. This failure violated the subrogation clause in the Shelter policy. *Id.* at 25. The *Bough* court held that "Shelter failed to show that [plaintiff's] settlement with and release of [driver] and [his carrier] prejudiced its right of subrogation or possible recovery from [driver] or any other potentially liable party." *Id.* at 27. The *Bough* court went on to explain that the record actually reflects that the plaintiff received all that was possible from the tortfeasor and his carrier, the policy limit, and that Shelter actually benefitted by being able to deduct that amount from the jury verdict against them. *Id.* The *Bough* court held that, without a showing of prejudice, Shelter cannot deny the plaintiff's UIM benefits on the basis of his failure to provide notice of his settlement with the tortfeasor and his carrier.

Farm Bureau points out to the Court that in *Lawerence* the Eight Circuit distinguished *Bough.*

The *Lawerence* court held that, because the amount plaintiff settled for was less than the policy limits of the tortfeasor and because the settlement extinguished the insurer's rights as subrogee to protect its interest in the remaining policy amount, *Bough* did not apply. 358 F.3d at 987. The Court finds that this situation is more similar to the facts in *Lawrence* then those in *Bough*. There has been no settlement for policy limits in this case as there was in *Bough* nor will there ever be because Plaintiffs' claims against Leonard and USAgencies are time barred. These facts prevent Farm Bureau from protecting its subrogation interest against Leonard and USAgencies in any amount. Therefore, the Court follows the *Lawerence* court and distinguishes *Bough* from the case before it.

In sum, the Court will not apply *Pettie* or *Bough* to the situation before it. For the reasons stated above, Court finds that there are no issues of material facts as to whether Plaintiffs impaired Farm Bureau's subrogation rights in violation of the Subrogation Clause in the Policy.

II. Grant's Motion for Partial Summary Judgment

Grant's Motion for Partial Summary Judgment seeks to have all claims against him in excess of $20,000 dismissed. Grant acknowledges his liability to Plaintiffs for the amount of Leonard's USAgencies policy but argues that he is not liable to Plaintiffs for any amount over the USAgencies policy limit of $20,000. Grant first asserts that Plaintiffs have not met proof with proof because they have failed to produce any expert witness as required by Arkansas law. *Barnes v. Everett,* 351 Ark. 479, 95 S.W.3d 740 (2003). The Court acknowledges that, at the time Grant filed his Motion for Partial Summary Judgment, Plaintiffs had not yet designated an expert witness. However, the Court continued this case by order dated October 14, 2008. (Doc. 34). The order lifted the deadlines imposed by the previous scheduling order, and at the time of this opinion there have been no new deadlines set. For this reason, Plaintiffs still have time to amend their expert designations by

attaching an expert report.[12] Consequently, the Court must deny Grant's Motion for Partial Summary Judgment on this particular issue at this time.

Second, Grant alleges that because Plaintiffs' UIM claim against Farm Bureau is still valid, Grant should not be liable for any amount over the $20,000 USAgencies policy limit. All of Grant's arguments in support of this contention have been previously addressed by the Court in this opinion.[13] The Court will not repeat this analysis and instead incorporates its reasoning from above into this portion of the opinion. As the Court held above, by dismissing Plaintiffs' claim against Farm Bureau, Plaintiffs' UIM claim is not valid. For the reasons stated above, the Court must deny Grant's Motion for Partial Summary Judgment.

III. Grant's Motion for Summary Judgment

Grant's Motion for Summary Judgment moves to have Farm Bureau's cross-claim of subrogation dismissed. Farm Bureau responded by pointing out that their claim against Grant is one for contribution and indemnity in case Farm Bureau must pay Plaintiffs' UIM benefits. This claim is based on the fact that Grant failed to file suit against Leonard within the applicable statute of limitations, thus, impairing Farm Bureau's subrogation rights against Leonard. The Court finds that because this opinion and accompanying order will dismiss Plaintiffs' claims against Farm Bureau with prejudice, Farm Bureau's cross-claim is now moot. Therefore, the Court will grant Grant's

---

[12] The Court notes that after Grant filed his Motion for Partial Summary Judgment Plaintiffs filed a designation of expert witnesses (Doc. 27) that was incomplete pursuant to Federal Rule of Civil Procedure 26 (a)(2)(A) because the expert's report was not attached.

[13] Grant argues: 1) Exhaustion Clause not applying to these facts, or in the alternative being contrary to Arkansas law; 2) a judgment in the amount of $20,000 against Grant in favor of Plaintiffs would be the "functional equivalent" to exhausting Leonard's USAgencies policy; and 3) Farm Bureau's inability to subrogate against Leonard and USAgencies does not bar Plaintiffs' UIM claim.

Motion for Summary Judgment and dismiss Farm Bureau's cross-claim as moot.

## CONCLUSION

For reasons discussed herein and above, the Court finds that Separate Defendant Farm Bureau's Motion for Summary Judgment should be and hereby is GRANTED. Plaintiffs' claims against Separate Defendant Farm Bureau are dismissed with prejudice. The Court also finds that Separate Defendant William Grant's Motion for Partial Summary Judgment should be and hereby is DENIED at this time. Lastly, the Court finds that Separate Defendant William Grant's Motion for Summary Judgment is GRANTED. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, on this 28th day of January, 2009.

        /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge